IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

07-MC-0063

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
AUG 3 1 2007
JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § Plaintiff, § § v. § § JAMES BLACKMAN ROBERTS, § FOMAC INTERNATIONAL, INC., and § CONSULTORES LAS TRES AMERICAS S.A., § § Defendants. § | Case No.: 4.07-CV00000786 JLH FILED UNITED STATES DISTRICT COURT DENVER, COLORADO SEP - 7 2007 GREGORY C. LANGHAM CLERK |

## AGREED ORDER APPOINTING RECEIVER

This matter came on before me, the undersigned United States District Judge on the unopposed and emergency motion of Plaintiff Securities and Exchange Commission ("Commission") for the appointment of a Receiver for Defendants James Blackman Roberts, FOMAC International, Inc. and Consultores Las Tres Americas S.A. It appears that this *Agreed Order Appointing Receiver ("Agreed Order")* is both necessary and appropriate in order to prevent waste and dissipation of the assets of Defendants to the detriment of investors.

I.

**IT IS THEREFORE ORDERED:**

1.  This Court hereby takes exclusive jurisdiction and possession of the assets, monies, securities, properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated, of Defendants James Blackman Roberts, FOMAC International, Inc. and Consultores Las Tres Americas S.A. (collectively "Defendants")

2. Until further order of this Court, all assets of, or under the control of the Defendants are frozen, except as otherwise specified herein. The Defendants and their respective officers, managers, trustees, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, are hereby restrained and enjoined from, directly and indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing any assets and property owned by, controlled by, or in the possession of Defendants. This freeze shall include, but not be limited to, those funds located in any bank accounts, brokerage accounts, or any other accounts or property of the Defendants described herein.

3. _Dennis L. Roossien, Jr._, located at _c/o Munson Hardt, 500 N. Akard, Ste 3800, Dallas, TX 75021_, with the phone number of _214-855-1500_, facsimile number _214-855-7584_, is appointed Receiver for each of the Defendants. The Receiver shall file with the Clerk of this Court a bond in the sum of $10,000, without need for sureties approved by the Court, to assure his conscientious performance of the duties and responsibilities imposed by this *Agreed Order*.

4. All persons, including but not limited to Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, who receive actual notice of this *Agreed Order* by personal service or otherwise, are enjoined from in any way interfering with the operation of the Receivership or in any way disturbing the Receivership Assets and from filing or prosecuting any actions or proceedings which involve the Receiver or which affect the Receivership Assets, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code, except with the prior permission of this Court. Any actions so authorized to determine disputes relating to Receivership Assets shall be filed in this Court. No person holding or claiming any position of any sort with the Receiver Estate shall

possess any authority to act by or on behalf of any of the Receiver Estate, except as authorized by the Receiver.

5.  The Receiver shall have and possess all powers and rights to administer and manage the Receiver Estate, including, but not limited to the power and authority to:

(a)  to take custody, control and possession of all records, assets, funds, property premises and other materials of any kind in the possession of or under the direct or indirect control of the Receiver Estate and, until further order of this Court;

(b)  to manage, control, operate and maintain the Receiver Estate, to use income, earnings, rents and profits of the Receiver Estate, with full power to sue for, collect, recover, receive and take into possession all goods, chattels, rights, credits, monies, effects, lands, books and records of accounts and other documents, data and materials;

(c)  to conduct the business operations of Defendants named in the first paragraph of this *Agreed Order*, above, and the entities they control, including the collection of rents or continuation and termination or any employment arrangement and all other aspects of any active business operation;

(d)  to make such ordinary and necessary payments, distributions, and disbursements as he deems advisable or proper for the marshaling, maintenance or preservation of the Receivership Assets;

(e)  to sell, rent, lease or otherwise hypothecate or dispose of the assets of the Receiver Estate;

(f) to contact and negotiate with any creditors of the named Defendants for the purpose of compromising or settling any claim, including the surrender of assets to secured creditors;

(g) to receive and collect any and all sums of money due or owing to Defendants whether the same are now due or shall hereafter become due and payable, and is authorized to incur such expenses and make such disbursements as are necessary and proper for the collection, preservation, maintenance, administration and operation of the Receiver Estate;

(h) to renew, cancel, terminate, or otherwise adjust any pending lease agreements to which any named Defendant is a party;

(i) to institute, defend, compromise or adjust such actions or proceedings in state or federal courts now pending and hereafter instituted, as may in his discretion be advisable or proper for the protection of the Receivership Estate or proceeds there from, and to institute, prosecute, compromise or adjust such actions or proceedings in state or federal court as may in his judgment be necessary or proper for the administration, preservation and maintenance of the Receivership Estate;

(j) to institute such actions or proceedings to impose a constructive trust, obtain possession and/or recover judgment with respect to persons or entities who received assets or funds traceable to investor monies, with all such actions filed in this Court, or, as may be necessary in the opinion of the Receiver with respect to foreign assets, in such foreign courts or administrative bodies as may be necessary to recover such funds;

(k) to solicit and respond to claims made by investors, whether foreign or domestic;

(l) to work with foreign governments as the representative of this Court to negotiate for the return of stolen property to the custody of the Receiver for the purpose of making a pro-rata distribution to any and all investors based upon their respective net cash loss suffered from the schemes that are the subject of this action, or any directly related schemes. The Receiver shall be entitled to take possession not only of assets or funds, but also of corporations, trusts, or other entities established by the Defendants herein and/or parties acting in concert with them with respect to the schemes that are the subject of this action. The Receiver is hereby authorized to express this Court's respectful request that, as a matter of comity, the courts and other authorities in other countries in which these schemes were perpetrated would cooperate with the Receiver toward the common goal of collecting the invested funds, the proceeds thereof, or the assets of responsible parties, and effecting a distribution to all investors, equally according to their losses, and to offer this Court's reciprocal cooperation, subject only to confirmation by this Court, which confirmation may be expected so long as it is consistent with this *Agreed Order* or subsequent orders of this Court;

(m) to cooperate with any criminal investigations or prosecutions, foreign or domestic, and to review and to maintain the confidentiality of grand jury material or otherwise privileged material;

(n) to open bank accounts or other depository accounts, in the name of the Receiver on behalf of the Receiver Estate;

(o) to prepare any and all tax returns and related documents regarding the assets and operation of the Receiver Estate;

(p) to take any action which could be taken by the officers, directors, managers, members, partners, trustees or other principals of the Receiver Estate;

(q) to take such other action as may be approved by this Court.

6. The Receiver shall perform an accounting of the offering and sale of securities that is outlined in the Commission's *Complaint* including, but not limited to, the named Defendants' solicitation, receipt, disposition and use of the proceeds from such offering.

7. The Receiver shall be empowered, but is not required, to file a voluntary petition for relief under Title 11 of the United States Code (the Bankruptcy Code) for the Receiver Estate or any portion thereof. If a bankruptcy petition is filed, the Receiver shall become, and shall be empowered to operate the Receiver Estate as a debtor in possession, with all powers and duties provided to a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. The Receiver may alternatively file for relief under any other provision of the Bankruptcy Code. Without leave or further order of this Court, no person other than the Receiver is authorized to seek relief for any person or entity included within the Receiver Estate

8. With respect to the asset freeze set forth herein, the Receiver shall be authorized, but not required, to administer, manage, and direct the marshaling, disbursement an/or transfer of monies or other assets held by third parties that are subject to the freeze. The Receiver may, in the reasonable exercise of his discretion, authorize the release, use or segregation of proceeds held by third parties.

9. Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, who receive actual notice of this *Agreed*

*Order,* shall cooperate with the Receiver and the other professionals working with him in the administration of the Receiver Estate, including, but not limited to, the immediate delivery to the Receiver of the following:

(a) all assets and other materials of the Receiver Estate in the possession or under their control, as well as the name and contact information of any person who has knowledge of the nature or location of assets or other materials belonging to the Receiver Estate;

(b) business records of any kind, whether in hard copy or electronic format, including e-mail files and accounts, customer files, accounting and financial records, bank records and brokerage or other depository records;

(c) insurance policies regarding any assets or persons that are in any way affiliated with the Receiver Estate, along as other information regarding insurance coverage or the absence thereof;

(d) computers and computer files, including e-mail files, along with all passwords for such files, that belong to or are under the control of any named Defendant or that in any way relate to the assets or the operation of the Receiver Estate;

(e) passwords and other identifying information regarding all computer or on-line files, banking or brokerage accounts and/or any other assets of any of the Defendants or under their direct or indirect control, specifically including but not limited to, passwords for internet or electronic access banking, brokerage and other on-line accounts;

(f) keys, security cards, parking cards and other access codes for premises, vehicles, safety deposit boxes or accounts or assets under the direct or indirect control of any of the Defendants; and,

(g) such other information related to the Receiver Estate as the Receiver and those working with him reasonably request.

10. Any bank, brokerage firm, mutual fund or other financial institution or any other person, partnership, corporation or other entity maintaining of having custody or control of: any brokerage or depository accounts or other assets of the Receiver Estate; or, accounts into which proceeds of the subject investment offering(s) were deposited; or, accounts or assets under the direct or indirect control of the Defendants who receives actual notice of this *Agreed Order*, shall:

(a) freeze such accounts, funds or assets;

(b) within five (5) business days of receipt of such notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other assets, the balance in the account or the description of the assets as of the close of business on the date of the receipt of the notice, and, with respect to any funds transferred from such accounts or other transfers of value to third parties, complete information as to the transferee of same, and, if known, the present location of such funds, assets, or otherwise converted value;;

(b) promptly cooperate with the Receiver to determine whether and to what extent any accounts, funds or other assets are actually assets or proceeds of assets of the Receiver Estate, and to determine, with respect to any funds transferred from such accounts, the transferee of same, and, if known, the present location of such funds or any assets purchased with such funds;

(c) provide to the Receiver records of such funds, accounts, assets and/or proceeds and tender said funds and/or the assets and/or proceeds to the Receiver; and

(d) if the recipient of such notice converted the proceeds to his, her or its own benefit, then turn over substitute property of equivalent value, or include in the certified statement what reasonably equivalent value was previously provided to the transferor of said funds and/or assets, and describe in reasonable detail the nature of such transaction.

To the extent that there are assets about which a determination of ownership cannot be made, they shall be turned over to the Receiver to be held in escrow pending a determination of the ownership of such assets.

11. The Receiver is authorized to provide notice of the entry of this *Agreed Order* to any governmental agency, person or other entity he deems appropriate. Actual notice may be accomplished by delivery of a copy of this *Agreed Order* by hand, U.S. mail, courier service, facsimile, by e-mail or by any other reasonable means of delivery.

12. The Receiver is hereby authorized to make appropriate notification to the United States Postal Service to forward delivery of any mail addressed to Defendants named in the first paragraph of this *Agreed Order*, above, or any company or entity under the direction or control of Defendants, to any Post Office box or other mail depository, to himself. Further, the Receiver is hereby authorized to open and inspect all such mail, to determine the location or identity of assets or the existence and amount of claims.

13. The Receiver may investigate any matters he deems appropriate in connection with discovering additional information as it relates to the activities of the Receiver Estate. In connection with any such investigation, the Receiver is authorized to:

(a) compel, including by subpoena, the appearance and testimony of all persons, including the Defendants (prior to and/or after the filing of responsive pleadings in this action) and the production of the originals of any records and materials, of any sort whatsoever, within the possession, custody or control of any person, though the Receiver's authority under this paragraph shall not be construed to require the waiver by any person of any validly asserted privilege; and,

(b) order consumer and credit reports that the he deems necessary and appropriate as a part of his investigation.

14. The Receiver is hereby directed to file with this Court and serve upon the parties, within 45 days after entry of this *Agreed Order*, a preliminary report setting out the identity, location and value of the Receivership Assets, and any liabilities pertaining thereto. If, in the Receiver's opinion, the available Receivership Assets will not sustain an administration of a Receivership Estate, the Receiver may present his application for payment of reasonable and necessary expenses incurred in the course of his preliminary investigation, initial efforts to recover assets, and preparation of his preliminary report, and seek to be discharged from further responsibilities in this matter, and to turn over any remaining assets to the Government for use in making restitution to defrauded investors or otherwise as the Court may direct, or, alternatively, if appropriate, to a bankruptcy trustee..

15. Absent express permission and leave by this Court, all creditors and other persons seeking money damages or other relief from the Receiver Estate and all others acting on behalf of any such creditors and other persons, including sheriffs, marshals, and all officers and deputies, and their respective attorneys, servants, agents and employees, are, until further order of this Court, hereby stayed. Further, all persons having notice of this *Agreed Order*, including

creditors and others seeking money damages or other relief from the Receiver Estate, and all others acting on behalf of any such creditors and other persons, including sheriffs, marshals, and all officers and deputies, and their respective attorneys, servants, agents and employees, are restrained from doing anything to interfere with the Receiver performance of his duties and the administration of the Receiver Estate.

16. The Receiver is authorized to communicate with all such persons as he deems appropriate to inform them of the status of this matter and the financial condition of the Receiver Estate.

17. The Receiver is hereby authorized to employ such employees, accountants, consultants, attorneys and other professionals, including employees of his own professional firm, as are necessary and proper for the administration of the Receiver Estate and the performance of his duties as set forth herein. All costs incurred by the Receiver shall be paid from the Receivership Assets. With respect to professional fees, the Receiver shall file regular applications for payment, at least quarterly. In the interim, the Receiver may advance payment of 90% of the fees and 100% of the expenses, and shall maintain the difference until such applications are finally determined by the Court.

18. Upon the request of the Receiver, the United States Marshal's Office, in any judicial district, or any other law enforcement agency is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody or control of, or identify the location of, any Receivership Assets or Receivership Records. The Receiver is authorized to remove any person from any premises or real estate that is owned or controlled by any of the Defendants or that is otherwise part of the Receiver Estate. The Receiver is further authorized to enter any premises, safety deposit boxes, vehicles or other property of Defendants, and to change any locks or other

security mechanisms, and to recover and assets and records located thereon or therein, and, in cases of doubt, to secure assets and, in the case of any contest, to seek a judicial determination by this Court with respect to ownership.

19. The Receiver shall keep the Commission and the Court apprised at reasonable intervals of developments concerning the operation of the receivership, and shall provide to the Commission upon request any documents under the control of the Receiver. The Receiver shall promptly notify the Court and counsel for the Commission of any failure or apparent failure of named Defendant to comply in any way with the terms of this *Agreed Order*.

20. Except for an act of gross negligence or intentional misconduct, the Receiver and all persons engaged or employed by him shall not be liable for any loss or damage incurred by any person or entity by reason of any act performed or omitted to be performed by the Receiver, his counsel, or anyone engaged or employed by him in connection with this matter. Unless otherwise allowed by this Court, any action against the Receiver or anyone described in the foregoing sentence shall be filed in this Court and addressed by this Court. Any such action shall be initiated with a motion for leave to bring such an action.

## II.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this action for all purposes. The Receiver is hereby authorized, empowered and directed to apply to this Court, with notice to the Commission and Defendants, named in the first paragraph of this *Agreed Order*, above, for issuance of such other orders as may be necessary and appropriate in order to carry out the mandate of this Court.

## III.

**IT IS FURTHER ORDERED** that this *Agreed Order* will remain in effect until modified by further order of this Court.

EXECUTED AND ENTERED at _____ o'clock, __. M. this 31st day of August 2007.

_____
UNITED STATES DISTRICT JUDGE

Approved as to form and entry requested:

*/s/ Marshall Gandy*

MARSHALL GANDY
Texas Bar No. 07616500
Attorney for Plaintiff
U.S. SECURITIES and EXCHANGE COMMISSION
Burnett Plaza, Suite 1900
801 Cherry Street, Unit #18
Fort Worth, Texas 76102-6822
Telephone: (817) 978-6464
Facsimile: (817) 978-4927

*/s/ James Blackman Roberts*

JAMES BLACKMAN ROBERTS
Defendant, *pro se*
54 Natures Trail Drive
Heber Springs, AR
Telephone: (501) 362-7282

*/s/ James Blackman Roberts*

POMAC INTERNATIONAL, INC.
by: James Blackman Roberts
Defendant, *pro se*
54 Natures Trail Drive
Heber Springs, AR
Telephone: (501) 362-7282

*/s/ James Blackman Roberts*

CONSULTORES LAS TRES AMERICAS S.A.
by: James Blackman Roberts
Defendant, *pro se*
54 Natures Trail Drive
Heber Springs, AR
Telephone: (501) 362-7282

Agreed Order Appointing Receiver
*SEC vs. James Blackman Roberts, et al.*

PAGE 14